No. 26,997.

THE CITY OF OSAWATOMIE, *Appellant*, v. ROY L. BONE,
Bank Commissioner, *Appellee*.

SYLLABUS BY THE COURT.

1. BANKS AND BANKING — *Depositors' Guaranty Fund — Classification of Deposits as to Security.* The phrase "all deposits not otherwise secured shall be guaranteed by this act" in R. S. 9-206 classifies deposits into two classes, (*a*) deposits otherwise secured, and (*b*) deposits not otherwise secured.

2. SAME—*Depositors' Guaranty Fund—Effect of Inadequate Security.* If a deposit is otherwise secured, the fact that the security is inadequate does not transfer it, or any part of it, to the class of deposits not otherwise secured.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed July 10, 1926. Affirmed.

*Ben F. Winchel,* of Osawatomie, for the appellant.
*Elmer W. Columbia,* of Oswego, for the appellee.        .

The opinion of the court was delivered by

HARVEY, J.: This is a proceeding in mandamus to compel the bank commissioner to issue a certificate of deposit on the bank depositors' guaranty fund. The trial court denied the writ, and plaintiff has appealed.

There is no controversy over the facts, which are, in substance, as follows: The Farmers and Mechanics Bank of Osawatomie was a state bank operating under the state bank guaranty law. Plaintiff carried its account in this bank. To secure this deposit represented by plaintiff's account the bank executed to plaintiff its bond in the sum of $10,000, which bond was also signed by the Fidelity and Deposit Company of Maryland as surety. This bound the bank to pay upon demand any sum, or sums, so deposited by the plaintiff. While this bond was in force and on February 24, 1925, the bank commissioner took charge of the bank, found it to be insolvent, and liquidated its affairs. At that time plaintiff had on deposit in the bank $18,851.26. The surety company paid to plaintiff the full amount of the bond, and the then bank commissioner issued to plaintiff a certificate on the bank depositors' guaranty fund for the

Banks and Banking, 7 C. J. pp. 484 n. 74, 485 n. 82.

35—121 KAN.

balance of such deposit, $8,851.26. On June 30, 1925, the receiver of the bank paid a thirty per cent dividend. On October 1, 1925, defendant canceled plaintiff's certificate on the bank depositors' guaranty fund, for the reason it had been improperly issued, and so notified plaintiff. This action is to require the defendant to issue a new certificate for the balance of its deposit, $6,195.89.

The question before us requires an interpretation of the language in R. S. 9-206, which reads: "All deposits not otherwise secured shall be guaranteed by this act." Plaintiff contends that its account in excess of the amount of the surety bond given it by the bank was not otherwise secured. Defendant contends that the purpose of the statute was to classify accounts into those otherwise secured and those not otherwise secured, hence that it is immaterial whether the account was adequately secured. The question has really been determined in the case of *State Bank v. Bank Commissioner,* 110 Kan. 520, 204 Pac. 709. In that case the testimony was taken by a commissioner appointed by this court, and a question arose as to whether or not an account was otherwise secured within the meaning of the statute. The commissioner concluded that for a claim to be otherwise secured, the security must be reasonably certain and adequate. The court took a different view of the statute, and said:

"We do not think that in declaring that 'all deposits not otherwise secured shall be guaranteed by this act' the legislature had in mind merely that other security than the guaranty fund should be first exhausted, or that to the extent that a deposit was otherwise secured it did not need the protection of the fund. The sentence was used in defining the kind of claims to be covered by the act. This appears from its language and from the earlier provisions which it replaced. Its purpose as we regard it was to classify claims as secured and unsecured, giving the protection of the guaranty only to those otherwise without security. . . ." (p. 529.)

We see no reason to change the views there expressed. The bond in this case purported on its face to secure the account as a whole, hence the account was a deposit otherwise secured. The fact that the security was inadequate, that at the immediate time the bank closed the deposit was in excess of the bond given, does not change the account, or any part of it, into a deposit that was not otherwise secured.

The judgment of the court below will be affirmed.